<u>NOT FOR PUBLICATION</u>

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FLORENCE HANSON,<br><br>                Plaintiff,<br><br>v.<br><br>ALLSTATE NEW JERSEY INSURANCE COMPANY,<br><br>                Defendant. | Case: 2:15-cv-08882(SDW)(LDW)<br><br>**OPINION**<br><br><br><br>July 19, 2016 |

**WIGENTON**, District Judge.

Before this Court is Defendant Allstate New Jersey Insurance Company's ("Allstate" or "Defendant") Motion to Dismiss Plaintiff Florence Hanson's ("Plaintiff") First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). This Court having considered the parties' submissions, and having decided this matter without oral argument pursuant to Federal Rule of Civil Procedure 78, for the reasons stated below, **GRANTS** Defendant's Motion to Dismiss.

### I. BACKGROUND

Plaintiff is a resident of New Jersey. (Compl. ¶ 3.) Defendant is an insurance company with a principal place of business in Bridgewater, New Jersey. (Compl. ¶ 4.) In 2013, Plaintiff settled a personal injury claim with an Allstate policy holder, and on or about November 20, 2013, executed and forwarded a General Release for the claim to Allstate. (Compl. ¶ 12.) Allstate paid Plaintiff's claim on December 9, 2013. *Id.* On December 28, 2015, Plaintiff filed suit in this Court alleging that Allstate failed to pay the claim within a statutorily required ten-day window. (Compl.

¶¶ 7-11.) Plaintiff amended her Complaint on January 26, 2016, and brings suit on her own behalf and on behalf of "all other similarly situated Allstate New Jersey Insurance Company [] policy beneficiaries in the State of New Jersey . . . ." (Compl. ¶ 1.) Defendant filed the instant Motion to Dismiss on April 19, 2016. Plaintiff filed her opposition on May 13, 2016 and Defendant filed its reply on June 14, 2016.

## II. ANALYSIS

Before reaching the substance of Plaintiff's Amended Complaint, this Court "has an obligation to satisfy itself that it has subject matter jurisdiction over" Plaintiff's claims. *Weingram & Assoc., P.C. v. Grayzel*, No. Civ. A. 10-2362(SDW), 2012 WL 6827546, at * 3 (D.N.J. Dec. 20, 2012); *see also Nesbit v. Gears Unlimited, Inc.,* 347 F.3d 72, 76-77 (3d Cir. 2003). Because subject matter jurisdiction establishes a court's "very power to hear the case," *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977), this Court is obligated to conduct a *sua sponte* review of jurisdiction even though Defendant does not challenge it. *Weingram*, 2012 WL 6827546 at *3 (noting that "[p]arties cannot waive a lack of subject matter jurisdiction or confer it upon the Court by consent").

A district court has subject matter jurisdiction to hear claims "arising under the Constitution, laws, or treaties of the United States" pursuant to 28 U.S.C. § 1331, or certain claims between citizens of different states pursuant to 28 U.S.C. § 1332. Because Plaintiff's nine claims all arise under New Jersey state or common law, jurisdiction is not proper under 28 U.S.C. § 1331 and the only possible basis for subject matter jurisdiction is § 1332. Indeed, Plaintiff's First Amended Complaint asserts that "[t]his Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005 ["CAFA"], because the value of the matter in controversy exceeds $5,000,000, exclusive of interest and costs."

(Compl. ¶ 5.) CAFA's enactment provides some relief from the complete diversity required in non-class actions by granting federal courts "jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 in the aggregate . . . any class member and any defendant are citizens of different states . . . and there are at least 100 members in the putative class." *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 149 (3d Cir. 2012); *see also* 28 U.S.C § 1332(d)(2).

Under 28 § 1332(d)(10), "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized. Here, Defendant's principal place of business is in Bridgewater, New Jersey. (Compl. ¶ 4.) Consequently, Defendant is a New Jersey citizen for purposes of diversity jurisdiction.

Parties "who are natural persons are deemed citizens of the state in which they are domiciled, which is typically the state where the person lives." *Vodenichar v. Halcon Energy Props., Inc.,* 733 F.3d 497, 504 n.2 (3d Cir. 2013); *see also Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). Plaintiff, therefore, is a citizen of New Jersey. (Compl. ¶ 3.) Plaintiff identifies the proposed class members as "all other similarly situated Allstate New Jersey Insurance Company [] policy beneficiaries in the State of New Jersey" and "all other New Jersey policyholders and beneficiaries who settled their claims with Defendant . . . ." (Compl. ¶¶ 1, 17.)[1] Technically, under either description, the class members are persons located in New Jersey or New Jersey policyholders who reside in and/or are citizens of New Jersey. Consequently, the parties are not diverse and this Court does not have subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332(d)(2)(A).[2]

---

[1] This Court notes that Plaintiff inconsistently defines the putative class. Both the variance in the definitions and their breadth raise concerns about the ultimate viability of the proposed class.

[2] Even if this Court were able to reach the substance of Plaintiff's claims, those claims are unlikely to survive Defendant's Motion to Dismiss because they either fail as a matter of law, or fail to allege facts sufficient to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

   Plaintiff's first claim, alleging only that Defendant's late payment "constitutes an unconscionable commercial practice" in violation of New Jersey Consumer Fraud Act, N.J.S.A. 56:8-2, *et seq.* ("CFA"), (Compl. ¶

### III.   CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED**.

____s/ Susan D. Wigenton___<br>
Susan D. Wigenton, U.S.D.J.

Orig:       Clerk
cc:         Hon. Leda D. Wettre, U.S.M.J.
            Parties

---

22), fails to meet the heightened pleading standard required of fraud claims.  *See* FED. R. CIV. P. 9(b); *see also Frederico v. Home Depot*, 507 F.3d 188, 200-01 (3d Cir. 2007).  Furthermore, it is well-established that disputes over insurance payments are not subject to the CFA.  *See, e.g.*, *Van Holt v. Liberty Mut. Fire Ins. Co.*, 163 F.3d 161, 168 (3d Cir. 1998); *Myska v. New Jersey Mfrs. Ins. Co.*, 440 N.J. Super. 458, 485 (App. Div. 2015).

Plaintiff's second claim, alleging violations of the New Jersey Insurance Fraud Prevention Act ("IFPA"), N.J.S.A. 17:33-4(a)(3), (Compl. ¶ 26), is barred because suits under this provision may only be brought by insurance companies, not individuals.  *See* N.J.S.A. 17:33A-7.

Plaintiff's third claim alleges that Defendant violated the Truth-In-Consumer Contract, Warranty and Notice Act ("TCCWNA"), N.J.S.A. 56:12-15, *et seq*.  TCCWNA states in relevant part that "[n]o seller . . . shall in the course of his business . . . enter into any written consumer contract" that "includes any provision that violates any clearly established legal right of a consumer or responsibility of a seller" as established by state or federal law.  N.J.S.A 56:12-15; *see also Matijakovich v. P.C. Richard & Son*, No. CV2161506WHWCLW, 2016 WL 3457011, at *2 (D.N.J. June 21, 2016).  This claim also fails because Plaintiff does not allege an improper provision that violates state or federal law in either the Allstate policy or General Release that Plaintiff and Allstate's insured entered into.  *See Matijakovich*, 2016 WL 3457011, at *2.

Plaintiff's fourth claim, for conversion, alleges that "Defendant improperly and illegally converted moneys, and interest, that rightfully belong to Plaintiff and the Class."  (Compl. ¶ 36.)  In order to avoid turning breach of contract actions into tort actions, conversion claims regarding money are strictly limited to instances where the funds at issue belonged to the injured party.  *See Chicago Title Inc. Co. v. Ellis*, 409 N.J. Super. 444, 455-56 (App. Div. 2009).  Plaintiff pleads only she received late payment of her claim, not that that payment belonged to her and was wrongfully converted.  *See id.* at 456.

Plaintiff's fifth and seventh claims, alleging a violation of the duty of good faith and fair dealing and breach of contract, respectively also fail because there is no indication that a contract existed between the parties.  *See, e.g.*, *Bishop v. Okidata, Inc.*, 864 F.Supp. 416, 426 (D.N.J. 1994); *Wade v. Kessler Inst.*, 172 N.J. 327, 345 (N.J. 2002).

Plaintiff's sixth claim alleges "unconscionable advantage over the Plaintiff and the Class." (Compl. ¶¶ 43-44.)  "Unconscionable advantage," however, is not an independent cause of action, but is rather an element of constructive or common law fraud.  *See Clark v. Prudential Ins. Co. of Am.*, 289 F.R.D. 144, 184 (D.N.J. 2013).

Plaintiff's eighth claim, alleging that Defendant was unjustly enriched by its failure to timely pay moneys which are due to Plaintiff and the Class, (Compl. ¶ 51), is unsustainable because Plaintiff fails to show a direct relationship between Plaintiff and Defendant.  *See, e.g.*, *Callano v. Oakwood Park Homes Corp.*, 91 N.J. Super. 105, 109 (App. Div. 1966).

Plaintiff's final claim, that Defendant tortiously interfered with the settlement Plaintiff negotiated with Allstate's insured, (Compl. ¶ 54), fails to plead intent or malice on behalf of Defendant as required under New Jersey common law.  *See Zippertubing Co. v. Teleflex, Inc.*, 757 F.2d 1401, 1407 (3d. Cir. 1985).